IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DALTON, | ) | |
| | ) | |
| Petitioner, | ) | 4:05CV3228 |
| | ) | |
| vs. | ) | ORDER |
| | ) | (HABEAS CORPUS) |
| MIKE KINNEY, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a request to proceed in forma pauperis. The court has received a certified copy of the petitioner's institutional trust account information. I find that the petitioner is eligible to proceed in forma pauperis. Accordingly, the motion for leave to proceed in forma pauperis is granted, and the petitioner is excused from paying the filing fee.

Therefore, filing no. 2, the petitioner's motion for leave to proceed in forma pauperis, is granted.

Also before the court is filing no. 3, the motion for appointment of counsel, filed by the petitioner. Rule 8(c) of the Rules Governing Section 2254 proceedings in the United States District Courts, entitled "Appointment of counsel; time for hearing," states:

> If an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) and the hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires.

Pursuant to Rule 8(c), a district court may appoint counsel to represent a habeas corpus petitioner whenever the court determines that the interests of justice so require and if the petitioner's financial status meets the criteria of 18 U.S.C. § 3006A. If an evidentiary hearing is necessary to resolve the issues raised by a § 2254 petition, counsel "shall" be appointed. Otherwise, no constitutional or statutory provision necessitates appointment of an attorney to represent a petitioner in § 2254 proceedings.

The decision whether to appoint counsel is committed to the discretion of the district court. Morris v. Dormire, 217 F.3d 556 (8th Cir.), cert. denied, 531 U.S. 984 (2000). In determining whether the interests of justice require appointment of counsel for a § 2254 petitioner, "the district court should consider the legal complexity of the case, the factual

complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors .... Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." <u>Hoggard v. Purkett</u>, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).

In light of those factors, the petitioner's motion for appointment of counsel, is denied.  However, appointment of counsel will be reconsidered sua sponte in the event an evidentiary hearing is held in this case.

IT IS THEREFORE ORDERED:

1.      That filing no. 2, is granted; and

2.      That filing no. 3 is denied.

DATED this 8th day of September, 2005.

BY THE COURT:

S/F. A. GOSSETT
United States Magistrate Judge