IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DALTON, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3228 |
| | ) | |
| vs. | ) | PROGRESSION ORDER |
| | ) | (Habeas Corpus) |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for final briefing in this case initiated by the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") by the petitioner, John Dalton. The petitioner alleges violations of his constitutional rights in connection with his conviction, followed by his sentence on November 12, 1999, upon a plea of guilty in the District Court of Douglas County, Nebraska, to charges of manslaughter, use of a deadly weapon to commit a felony, and possession of a deadly weapon by a felon.  In his § 2254 petition, the petitioner asserts the following claims:

**Claim No. 1:**        Denial of effective assistance of counsel in the trial court and on appeal, resulting in an unintelligent and involuntary guilty plea;

**Claim No. 2:**        Plain error in convicting the petitioner of use of a deadly weapon to commit a felony when the underlying felony was an "unintentional crime;"

**Claim No. 3:**        Denial of effective assistance of counsel and due process in the trial court and on appeal relating to the conviction of the petitioner of use of a deadly weapon to commit a felony when the underlying felony was an "unintentional crime."

### Issues Before the Court

The respondent has filed an Answer (Filing No. 10), and the petitioner has filed an Objection (Filing No. 14) to the Answer.  The court construes the petitioner's Objection as a Reply to the Answer on the issue of the timeliness of the § 2254 petition.  As the respondent, the applicable law and the record do not unequivocally establish the

4:05-cv-03228-LSC-PRSE   Doc # 15   Filed: 04/17/06   Page 2 of 5 - Page ID # 483

untimeliness of the § 2254 petition, the court will grant the petitioner the benefit of every doubt, overrule the affirmative defense of untimeliness, and proceed to the merits of the petitioner's claims.[1]  When considering the merits of habeas corpus claims, the court must apply the specific standard of review established by 28 U.S.C. § 2254(d).  The applicable law is briefly summarized below, and the parties shall submit briefs by the deadlines ordered at the end of this Progression Order.

### Deferential Standard for Review on the Merits

Claims which have been considered on the merits by the Nebraska appellate courts are subject to federal habeas review under the deferential standard required by 28 U.S.C. § 2254(d).  The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

28 U.S.C. § 2254(d) states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1]On direct appeal, the petitioner did not seek further review in the Nebraska Supreme Court.  In calculating when the petitioner's judgment of conviction became final for purposes of the statute of limitations for habeas cases, 28 U.S.C. § 2244(d), the issue is whether the petitioner is entitled to credit for the 90-day period in which an appellant may seek a writ of certiorari in the United States Supreme Court on direct appeal.  As the respondent candidly acknowledges, reasonable jurists could differ, and there is, as yet, no binding authority on the issue.

2

(2) resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceeding.

As for 28 U.S.C. § 2254(d)(1), "[t]he Supreme Court has explained the independent meanings of the 'contrary to' and 'unreasonable application' clauses .... A state court decision is 'contrary to' the Supreme Court's clearly established precedent if the state court either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'... A state court decision is an 'unreasonable application' of Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'... 'A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."'" Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (citations omitted).

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination

3

will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to the claims in this case which were presented on the merits to the Nebraska appellate courts, the issue in this court is whether the Nebraska courts, in adjudicating the merits of each claim, (1) produced a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) based its decision on an unreasonable factual determination in light of the evidence.

IT IS THEREFORE ORDERED:

1.      That Filing No. 14, the petitioner's Objection to the respondent's Answer is construed as a Reply on the issue of the timeliness of the § 2254 petition, and the petitioner's § 2254 petition is deemed timely for the reasons stated above;

2.      That, for the convenience of the court, the respondent shall, by June 15, 2006, file with the court and serve on the petitioner a separate Index of Evidence containing copies of all state court decisions in the Nebraska Court of Appeals and Nebraska Supreme Court relating to the petitioner's direct appeal and postconviction proceedings (including any Order(s) of summary affirmance or Order(s) denying further review);

3.      That by June 15, 2006, each party shall file a brief on the issues discussed above and any other matters that party may wish to address;

4.      That by August 25, 2006, each party shall file a brief in response to the other party's brief; and

4

5.      That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court records and the briefs.

Dated this 17th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge