IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DALTON, ) | |
| ) | |
| Petitioner, ) | 4:05cv3228 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for decision on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, John Dalton. Also before the court is Filing No. 21, the petitioner's Motion for an Order of Progression and Certificate of Readiness. As a preliminary matter, Filing No. 21 is granted. A progression order has previously been entered (Filing No. 15); the court has received the parties' briefs, and the case is ready for decision.

The petitioner alleges violations of his constitutional rights in connection with his conviction, pursuant to a guilty plea, of manslaughter, use of a deadly weapon to commit a felony and possession of a deadly weapon as a felon. The petitioner received an aggregate sentence of 20 to 30 years of imprisonment on November 12, 1999, in the District Court of Douglas County, Nebraska.

In his § 2254 petition, the petitioner asserts the following claims:

**Claim No. 1:** Ineffective assistance of trial counsel during the plea process, which resulted in an unintelligent and involuntary guilty plea;

**Claim No. 2:** Plain error in convicting the petitioner of intentionally using a deadly weapon to commit the unintentional crime of manslaughter; and

**Claim No. 3:** Ineffective assistance of appellate counsel in failing to raise on appeal the plain error alleged in Claim No. 2.

The petitioner's entitlement to habeas corpus relief rests on his underlying premise that, at the time of his plea, state law precluded combining a plea of guilty to the unintentional crime of manslaughter with a plea of guilty to use of a deadly weapon to commit a felony. The petitioner contends that it was plain error to allow him to be convicted of the two offenses, and he alleges ineffective assistance of trial and appellate counsel for allowing him to plead guilty and failing to challenge the pleas on appeal.

Nevertheless, there are important reasons why habeas corpus relief cannot be granted to the petitioner. First, the petitioner presented his view of Nebraska law to the appellate courts of Nebraska which ruled against him (see Filing No. 18). In a habeas corpus case, a federal district court may not "reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Newton v. Kemna, 354 F.3d 776, 782 (8th Cir. 2004) (citation omitted). See also Ford v. Norris, 364 F.3d 916, 918-19 (8th Cir. 2004):

> In Mr. Ford's case, the Arkansas Supreme Court came to the conclusion that had Mr. Ford's attorney objected to the prosecutor's statements, the objection, as a matter of Arkansas law, would probably have been overruled. Contrary to the district court's opinion, this determination was not an application of federal law to the particular facts of Mr. Ford's case. Rather, the Arkansas Supreme Court was applying Arkansas law to the facts of Mr. Ford's case. **The Arkansas Supreme Court is the final authority on the interpretation of Arkansas law. As the supreme judicial authority of the state, it decides what state law is, an issue which cannot itself be reviewed in a federal habeas proceeding. The district court essentially overruled the Arkansas Supreme Court on a matter of Arkansas law, which is something that it cannot do.**

2

(Emphasis added.)  Accord Davidson v. Bowersox, 288 F.3d 1076, 1078 (8th Cir.), cert. denied, 537 U.S. 925 (2002):  "It is not within the prerogative of a federal habeas court to question a state court's interpretation of its state's law...."  See Kinder v. Bowersox, 272 F.3d 532, 540 n.6 (8th Cir. 2001):  "We will not presume to question the Missouri Supreme Court's interpretation of Missouri state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 ... (1991) ('[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.') ...."

Second, well after the petitioner's conviction, the Nebraska Supreme Court was still willing to uphold a conviction obtained by a plea (as opposed to a trial) for the combined offenses of manslaughter and use of a firearm to commit a felony.  See State v. Burkhardt, 607 N.W.2d 512 (2000):

> Burkhardt argues that the trial court erred in refusing to vacate the conviction and sentence on count II.  He argues that since the underlying felony in count I is an unintentional crime (manslaughter), there is no proof that he used a weapon for the purpose of committing manslaughter.  We do not reach this assignment of error, because Burkhardt pled guilty to both counts and has waived any such argument or defect.

Id. at 515.  "The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional."  Id. Indeed, even as recently as the decision in State v. Drinkwalter, 720 N.W.2d 415 (Neb. App. 2006), the Nebraska Court of Appeals ruled that by his no contest plea to both offenses, the defendant waived any claim that he could not be convicted pursuant to a plea agreement of both the unintentional felony of manslaughter and the intentional felony of use of a deadly weapon to commit a felony.  Id. at 422.

3

Thus, the petitioner's trial attorney did not render ineffective assistance of counsel by advising the petitioner that a plea of guilty to both manslaughter and the weapons charge would survive scrutiny, and the petitioner's appellate counsel did not perform deficiently by failing to allege plain error on appeal. In addition, the petitioner has demonstrated no prejudice.

"Ineffective assistance under Strickland [v. Washington, 466 U.S. 668 (1984)] is deficient performance by counsel resulting in prejudice." Rompilla v. Beard, 545 U.S. 374, 380 (2005). If counsel's performance was not deficient or if the petitioner suffered no prejudice, the court need not address the other part of the test. Williams v. Locke, 403 F.3d 1022, 1025 (8th Cir. 2005) ("we need not ask whether [the] lawyer's performance was deficient if we can clearly determine that no prejudice resulted from [the] lawyer's alleged error").

Initially charged with second degree murder, use of a deadly weapon to commit a felony and possession of a deadly weapon by a felon, the petitioner accepted a plea bargain which entailed reducing the charge of second degree murder to manslaughter and pleading guilty to the three remaining charges. Manslaughter is a Class III felony. Neb. Rev. Stat. § 28-305(2). Murder in the second degree is a Class IB felony. Neb. Rev. Stat. § 28-304(2). A Class IB felony has a maximum penalty of life imprisonment, while the maximum prison term for a Class III felony is 20 years. Neb. Rev. Stat. § 28-105. Rather than prejudice, the petitioner obviously received a benefit from the reduction of his murder charge to manslaughter.

Whether reviewed pursuant to 28 U.S.C. §§ 2254(b)(2) or 2254(d), the petitioner's § 2254 claims fail on the merits. Consequently, judgment will be entered dismissing Mr. Dalton's Petition for Writ of Habeas Corpus.

THEREFORE, IT IS ORDERED:

1. That the Petition for Writ of Habeas Corpus filed by John Dalton is denied and dismissed with prejudice;

2. That Filing No. 21, the petitioner's Motion for an Order of Progression and Certificate of Readiness, is granted; and

3. That judgment will be entered in accordance with this Memorandum and Order.

Dated this 14th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge